## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| DENNIS GUYTON, | ) | |
| | ) | |
| Plaintiff , | ) | |
| | ) | |
| v. | ) | 6:10-CV-01067-SLB-PWG |
| | ) | |
| PAIGE VICK, KENNETH LOLLEY, | ) | |
| SHANE HARRIS, THELMA THREDGILL, | ) | |
| and KELLY DODD, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OF OPINION

The magistrate judge filed findings and recommendations on July 14, 2010, recommending that the this action be DISMISSED as frivolous pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. (Doc. #2).  On August 2, 2010, plaintiff filed objections to the magistrate's findings and recommendation. (Doc. #5).  Specifically, the plaintiff objects to the magistrate's finding that this suit for damages is premature and is due to be dismissed under the authority of *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiff maintains his innocence and argues that dismissal of this action prior to conducting discovery -- which plaintiff contends would lead to his exoneration through DNA evidence – constitutes an injustice. (Doc. #5, p. 2).  However, a challenge to the fact or duration of a prisoner's confinement must be brought in a *habeas corpus* action under § 2254 following exhaustion of state remedies.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973);  28 U.S.C. § 2254(b)(1)(A).

The magistrate judge also finds that the claims fail because plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and that plaintiff seeks monetary relief from individuals who are immune from such relief.  Plaintiff objects to dismissal under 28 U.S.C. § 1915A(b)(1) arguing that a dismissal for failure to state a claim "disregards the liberal construction [under] *Haines v. Kerner*, 404 U.S. 509, (1952)[.]" (Doc. #5, p. 1).  Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir.1990). Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.  *See Pontier v. City of Clearwater*, 881 F.Supp.1565, 1568 (M.D. Fla.1995); *see also Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the findings and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**.  Accordingly, the plaintiff's claims are due to be dismissed pursuant to 28 U.S.C. § 1915A(b).

DATED this 23rd day of August, 2010.

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE